# Fitzpatrick, Appellant, *v.* Mortimer.

*Appeals—Assignments of error—Final decree—Evidence—Quashing appeal.*

1. An appeal will be quashed where the assignments of error are to the action of the court in not sustaining exceptions to an adjudication in equity, but the record fails to show any final decree dismissing the exceptions.

2. An appeal in an equity case will be quashed where the record does not contain the certificate of the judge as to the correctness of the record as required by rule XXVII, sec. 11.

Argued Oct. 20, 1909. Appeal, No. 239, Oct. T., 1909, by

plaintiffs, from decree of C. P. No. 4, Phila. Co., Dec. T., 1907, No. 5,982, on bill in equity in case of John J. Fitzpatrick and Mary E. Slaven, Administrators of the Estate of John Fitzpatrick, deceased, v. James E. Mortimer, Executor of the Last Will and Testament of Jane Fitzpatrick, deceased. Before RICE, P. J., MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Bill in equity for an injunction. Before CARR, J.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*U. S. Koons*, with him *W. H. G. Gould*, for appellant.

*Thomas F. Gain*, with him *Edward A. Kelly*, for appellee.

OPINION BY MORRISON, J., March 3, 1910:

We have reached the conclusion that this appeal must be quashed. The only decree we can find in the record is the one indexed and printed in appellant's paper-book, which reads as follows: "And now, to wit, September 11, 1908, the prothonotary is directed to enter a decree nisi in pursuance of the foregoing findings, which decree shall be made absolute unless the respective parties file exceptions thereto within ten days after notice."

This seems to be what the appellant's counsel rely on as the final decree, but by its own terms it is not to stand as such in case exceptions are filed thereto. The record shows that on September 21, 1908, twenty-nine exceptions were filed and they were made the basis of the twenty-nine assignments of error printed in the record. Therefore, it is manifest that we cannot consider the above-quoted decree as a final one. The appearance docket entries show the following: "November 13, 1908, Exceptions dismissed." But as we can find no final order or decree dismissing the exceptions and the bill, we conclude that this must refer to language of the court indicating that the exceptions ought to be dis-

missed. If a final decree was made overruling the exceptions and dismissing the bill, our attention has not been called to it and we have not succeeded in finding it in the printed record.

Our rule XXVII, relating to equity practice, plainly requires the printing of the opinion of the court on the exceptions, and the decree made. It is manifest that this refers to a final decree to be made after the exceptions have been considered and disposed of.

An additional reason for quashing this appeal is that the record does not contain the certificate of the judge as to the correctness of the record as required by the eleventh section of the same rule, to wit: "Appendix containing the pleadings in full and such documentary and other evidence as may be necessary, together with the certificate of the trial judge as hereinbefore provided." The only certificate to the appendix was made by the official stenographer, and this has many times been decided to be insufficient by the Supreme Court and this court.

Before deciding to quash this appeal we made a somewhat careful examination of the record and it convinces us that the findings of fact by the learned judge below are all sustained by competent evidence, and, therefore, his conclusions of law that the bill ought to be dismissed logically and legally follow.

Counsel for appellant contending that the decree ought to be reversed on account of the admission of the testimony of Jennie Harkins and Charles Fitzpatrick, error in regard thereto is attempted to be raised by the fourth specification of error. But this specification is in palpable violation of our rule XVI, and if we were passing upon the merits of this case that assignment would have to be disregarded. Moreover, the learned judge says in his opinion that his findings of fact could be made irrespective of the testimony of Jennie Harkins and Charles Fitzpatrick. Therefore, if they were not competent witnesses, no harm was done by hearing their testimony.

This appeal is quashed at the costs of the appellant.