378 A.2d 941

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert J. SEYBERT.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

Robert L. Eberhardt and Charles W. Johns, Assistant District Attorneys, Pittsburgh, for Commonwealth, appellant.

Gary B. Zimmerman, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The instant appeal by the Commonwealth purportedly arises from a lower court order suppressing all evidence in a case involving charges of drug possession. Because of the confusing state of the record in this case, which creates more questions than it answers, we must quash this appeal.

The record shows that prior to trial on charges of drug possession, the appellee filed a motion to suppress all evidence, which police had seized pursuant to a search warrant. Inter alia, appellee contended that the warrant contained an insufficient description of the premises which was searched and also claimed that the warrant had not been properly executed by police at the time of the search. A suppression hearing was held on February 12, 1976, and at the conclusion of the hearing, the judge announced: "The Court is going to deny the motion to suppress the evidence." A signed Order, in the official record, and dated February 12, 1976, notes the denial of the application to suppress evidence.

In further reviewing the original record, there is another document which is stamped with the date February 18, 1976, and *purports* to be Findings, Conclusions and an Order of Court, *granting* the application to suppress evidence. This document, though marked with a stamp indicative of filing with the Clerk of Courts, is unsigned. It appears to be a photocopy of another document and on the line reserved for the judge's signature, contains only an "S", with a slash

through it, a common abbreviation for a signature on a copy. The person who placed this mark on the form is not identifiable. The purported Findings and Conclusions assert that suppression was granted on the basis that the warrant did not, with sufficient specificity, identify the premises to be searched.

The appeal in this matter was filed on March 11, 1976, by the Commonwealth, from the Order of February 12, 1976. On March 17, 1976, the Commonwealth filed a Petition in our Court to amend its appeal to reflect that it arose from an Order of February 18, 1976. Such Petition was granted. The official record of the case did not arrive in our Court until October 8, 1976. It contains an Opinion by the judge who heard the suppression motion. This Opinion, which is not signed, cites two reasons for the granting of the suppression motion. In addition to the alleged lack of specificity in the description of the premises, the lower court asserts that suppression was proper because the police officers did not execute the warrant properly in that they allegedly failed to properly announce their identity, authority and purpose in entering the premises of appellee. Neither the appellant nor appellee, in their briefs to our Court, address the issue of improper execution of the warrant.

In view of the confusing state of the record, as described above, there is great doubt about the exact status of this case. Was the motion for suppression granted or denied? Is there a duly signed Order of February 18, 1976, vacating and reversing the Order of February 12, 1976? For what reason or reasons was suppression denied or granted?

We cannot determine, with certainty, the status of the instant case without further clarification by the lower court. In the absence of a proper Order granting the suppression motion the appeal is not properly before our Court. *Fitzpatrick v. Mortimer,* 41 Pa.Super. 587 (1910). The only valid Order apparent in the record is the signed Order, dated February 12, 1976, refusing the suppression motion. This appeal must be quashed without prejudice to any future appeal rights by any party after successful efforts in the

lower court by the parties to clarify the record and establish the exact status of the case.

Quashed.